United States Court of Appeals
Fifth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

**F I L E D**
October 1, 2010

Lyle W. Cayce
Clerk

No. 09-51094
Summary Calendar

D.C. Docket No. 7:09-CR-179-1

**FILED**

**OCT 27 2010**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

JOSHUA BELL,

    Defendant - Appellant

Appeal from the United States District Court for the
Western District of Texas, Midland Odessa

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

JUDGMENT

    This cause was considered on the record on appeal and the briefs on file.

    It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE: 2 5 OCT 2010

A True Copy
Attest 2 5 OCT 2010

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _M. Chigoy_____
            Deputy

New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 09-51094
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 1, 2010

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                Plaintiff-Appellee

v.

JOSHUA BELL,

                Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-179-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Joshua Bell pleaded guilty to aiding and abetting attempted bank robbery (Count 1), conspiracy to commit bank robbery (Count 2), and aiding and abetting the use of a firearm during a crime of violence (Count 3). Bell was sentenced within the applicable guidelines ranges to 71 months of imprisonment on Count 1 and 60 months of imprisonment on Count 2, to run concurrently. As to Count 3, Bell was sentenced above the guidelines range to 20 years of imprisonment, to be served consecutively to counts 1 and 2. Bell also was sentenced to five

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

years of supervised release on Counts 1 and 3 and three years of supervised release on Count 2, to be served concurrently. Additionally, Bell was sentenced to pay $30,154.63 in restitution.

Bell argues that the district court abused its discretion by imposing a substantively unreasonable sentence. He argues that the district court's reasons were not sufficient to support its 10-year deviation from the guidelines range on Count 3 and that the district court's reasons for the variance already were reflected in the substantial guidelines enhancements that the district court imposed. However, the district court had the discretion to select an above-guidelines sentence, and it discussed in great detail how the 18 U.S.C. § 3553(a) factors were implicated in reaching Bell's sentence and why a deviation from the guidelines sentence was appropriate. *See Gall v. United States*, 552 U.S. 38, 50-51 (2007). Accordingly, Bell has not shown that the district court's variance from the sentencing guidelines range was an abuse of discretion. *See id.*

AFFIRMED.

25 OCT 2010