\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE UNITED STATES OF AMERICA,
             PLAINTIFF/RESPONDENT,

VS.

                                DOCKET NUMBER:
                                    CRIMINAL: 7:09-CR-00179-RAJ-1

JOSHUA BELL,
             DEFENDANT/MOVANT.

## MEMORANDUM IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR AMEND SENTENCE
### PURSUANT TO 28 U.S.C. 2255

    COMES NOW Movant/Defendant, Joshua Bell, pro se and respectfully submits to this Honorable Court his Memorandum in Support of his Motion to Vacate, Set Aside, or Amend Sentence pursuant to 28 U.S.C. 2255 for all relief and rights regarding his right to effective assistance of counsel.  (See U.S. Constitution Amendments V and VI.  See also Strickland Vs. Washington, 466 U.S. 688 (1984) and its progeny).

    In support of this allegation Movant Bell states as follows:

JURISDICTION AND VENUE

    1.  Movant Joshua Bell, Federal Register number 17920-280, is currently incarcerated by the United States Department of Justice, Federal Bureau of Prisons at the El Reno Federal Correctional Institution in El Reno, Oklahoma under a judgement in a criminal case (J & C) rendered by the United States District Court for the Western District of Texas (Hon. Judge Robert Junell presiding).

    2.  Movant is therefore a prisoner in custody under a sentence of a Court established by Act of Congress claiming the right to have his sentence corrected as it was imposed in violation of the Constitution or laws of the United Sates, and original relief in this Court stands proper pursuant to 28 U.S.C. 2255.

    3.  This Court also possesses original jurisdiction over the Federal questions raised in Movant's criminal case, pursuant to 28 U.S.C. 1331.

    4.  As the sentencing Court, the Western District of Texas is the appropriate venue pursuant to 28 U.S.C. 2255.

    5.  Because a substantial part of the events or omissions giving rise to these claims herein occurred in the Western District of Texas, this Court is also the appropriate venue pursuant to 28 U.S.C. 1391(b)(2).

PROCEDURAL SUMMARY OF INSTANT CONVICTION (DOCKET)

    6.  On or about About September June 4, 2009 Defendants Joshua Bell, Chris Simmons, and Preston Savell were arrested for the offenses of Bank Robbery and related charges.

7. On June 5, 2009 the defendants were detained pending final disposition in the matter.

8. On June 24, 2009 the Grand Jury handed down an indictment charging the defendants with the offenses of Attempted Bank Robbery-18 U.S.C. 2113(a) & 2113(d), Aiding and Abetting-18 U.S.C. 2, Conspiracy- 18 U.S.C. 371, and Using a Firearm during a crime of violence-18 U.S.C. 924(C).

9. On August 25, 2009 Movant entered a plea of guilty to the three aforementioned counts.

10. On November 24, 2009 Movant was sentenced to the following terms of imprisonment:  Count 1-71 months concurrent to Count 2.  Count 2-60 months concurrent to Count 1.  Count 3-20 years consecutive to Count 1 and Count 2.

11. On December 1, 2009 Movant filed a timely notice of appeal in the Fifth Circuit Court of Appeals (See Appeal # 09-51094)

12. On October 2, 2010 the Fifth Circuit Court of Appeals affirmed the conviction.

13. On December 29, 2010 a writ of certiorari was filed in the United States Supreme Court in the appeal.

14. On February 22, 2011 the United States Supreme Court denied certiorari in the matter.

## EXHAUSTION OF REMEDIES AND ABSENCE OF OTHER FEDERAL FILINGS

15. No administrative remedies exist which Movant Bell can address his unlawful custody besides this motion under 28 U.S.C. 2255.

16. This motion is timely and within AEDPA statute of limitations.

17. Movant has filed no other judicial process, including collateral challenges with respect to the judgement here challenged and no such matter is currently pending in any forum.

## FACTUAL BACKGROUND/ARGUMENT FOR RELIEF

18. The Sixth Amendment of the Constitution guarantees the right to effective assistance of counsel in criminal prosecutions.  (See Thomas V. Gibson, 218 F.3d 1213, 1222).  The Supreme Court established a two prong test to evaluate ineffective assistance of counsel claims. [Strickland V. Washington, 466 U.S. 688 (1984)].  In order to obtain a reversal of a conviction or sentence, a defendant must prove that his counsel's performance fell below an objective standard of reasonableness and that the Counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceedings.  Movant will demonstrate below that the performance of Defense Counsel was substantially deficient which resulted in a fundamentally unfair and unreliable outcome in that Movant was coerced into a plea agreement he would not have otherwise entered into.  Movant Bell was adamant in litigating this case and defense counsel made assurances to Movant that he would receive a sentence of "a little over ten years".  In order to prove ineffective assistance of counsel Movant must show that counsel's errors were prejudicial and deprived him of a fair and reliable outcome (Strickland V. Washington at 692).  Movant will demonstrate below that defense counsel misinformed Movant of multiple important aspects thus resulting in a coerced plea agreement such that Movant was ultimately sentenced to the highest term of imprisonment allowed under the statutes despite entering into a timely plea agreement.

19. Subsequent to the arrest the Court appointed Defense Counsel (CJA). Movant indicated to defense counsel that he desired to litigate the case. Defense counsel responded that his intention was also to proceed to trial as the evidence "did not support a conviction in this case". Defense Counsel gave all indications at the first meeting that it was best to prepare for a trial. Movant concurred with this assessment.

20. After the discussion to go to trial Defense counsel met with Movant and changed his strategy. He informed Movant that due to his young age, clear conduct, and other mitigating factors he was confident that he could "negotiate" a sentence that was at least the low end of the guidelines and that he felt a downward departure would be in order. He then began a narrative about another client who was certainly innocent but still was found guilty in an attempt to evidence to Movant that he was in jeopardy of serving a lengthy prison term no matter if he was guilty or innocent of the crime. Movant felt strongly that the matter should be litigated however due to the persuasiveness of Defense counsel and the fear instilled in Movant he made the decision to enter a plea of guilty forthwith with the understanding that the sentence would be at most the low end of the guidelines. Defense Counsel then began the procedure of entering a plea of guilty to the offense.

21. Subsequent to the decision by defense counsel to plead guilty Movant had misgivings about the guilty plea. He contacted defense counsel in an attempt to withdraw the guilty plea. Defense Counsel stated in no uncertain terms that the sentence would be a little over ten years and he did the "math" in calculating the sentence with Movant wherein he went over the good time, year off for the drug program (which Movant has since found out he is not eligible to receive), and halfway house. He then convinced Movant that a sentence of about 7-8 years would be the result and he further indicated that the Government was in agreement with this style of sentence. Movant was coerced a second time in such a manner that he reluctantly agreed to continue with the plea of guilty.

22. This case represented a very serious crime with a substantial sentence. In the case at bar the period of time from the arrest to the plea of guilty and final sentencing was quite brief. This is very uncommon in the Federal judicial system despite the "speedy trial" rule. The abbreviated period supports movant's allegations that he was quickly coerced into a plea he would not have otherwise entered into. It defies logic that Movant would quickly enter a plea of guilty in order to be sentenced to the maximum under the statute. Had Movant went to trial, litigated the matter fully, and been found guilty he would have received the same sentence or less. Movant believed that there were multiple problems with the Governments allegations and that the Government was incorrect about major components of the offense. By pleading guilty Movant never had the opportunity to present the defense which existed.

23. Had a trial occurred with the evidence and full testimony presented to the the Court even if a guilty verdict had been the result a different outcome was all but certain given the reasons the Court departed upward in the case at bar. The reason for the upward departure the Court cited was the intent of the perpetrators of the Robbery was to "murder" one of the guards. The testimony and evidence would have negated the Governments theory. There is no question that this would have been one of the components of the evidence, notwithstanding the fact that there was no direct evidence other than some testimony linking Movant to the crime. By removing an opportunity of a trial to be heard by a jury Defense counsel substantially erred to the detriment of Movant.

24. Movant has met both prongs of "Strickland" in that Defense Counsel was deficient by coercing Movant into a too quickly entered plea of guilty and coercing Movant into a plea such that Movant was prejudiced to such an extent that he received the maximum sentence allowed by statute despite a rushed plea of guilty, substantial mitigating factors, and the Government's theories being incorrect in the case.

25. Defense Counsel had a duty and responsibility to investigate the case more so than he did, a duty and responsibility to honestly detail the situation to Movant, and a duty and responsibility to honestly disclose the alleged "discussions" with the Government in this case. Movant entered a guilty plea with the same due diligence by defense counsel as would be expected in a minor traffic violation despite the serious nature of the charges.

26. Movant avers that he should be remanded to the district Court with competent counsel prior to the plea of guilty in this case and begin anew the proceedings.

## ALLEGATIONS

### INEFFECTIVE ASSISTANCE OF COUNSEL

27. But for Counsel's ineffective assistance, his cumulative acts and omissions, and other egregious conduct there is a reasonable probability that a different outcome would have occurred in the case at bar.

28. Defense Counsel harmed Movant substantially in the proceedings in the case to such a degree that a different outcome would have been certain had counsel performed effectively.

## RELIEF REQUESTED

Wherefore Movant Bell prays this Honorable Court:

1. Declare and adjudge that Defense Counsel's performance in this matter fell below practice standards of effectiveness and was not within any objective standard of practice and so was ineffective as a Constitutional matter, Strickland V. Washington, 466 U. S. 688 (1984).

2. Declare and adjudge that Counsel's and the Government's performances in this matter materially prejudiced Movant's right to due process and Fourth Amendment protections.

3. Declare and adjudge that ineffective assistance of counsel and prosecutorial misconduct renders the instant proceedings and sentencing unlawful and void within the meanings of Amendments V and VI.

4. Grant Movant's motion to Vacate, Set aside, or correct sentence pursuant to 28 U.S.C. 2255 that he may be discharged from his unconstitutional confinement or be held pending trial in accordance with constitutional protections or;

5. In the absence of the above relief order that an evidentiary hearing shall be held addressing the allegations herein and appoint new counsel,

6. Grant such relief as may be appropriate.

Respectfully submitted on this the _____9th_____ day of February, 2012

_Joshua Bell_

Joshua Bell # 17920-280
Federal Correctional Institution
P.O. Box 1500
El Reno, OK 73036

************************************************CERTIFICATE OF SERVICE************************************************

I, Joshua Bell do hereby certify that on the _____ 9th _____ day of February, 2012 the foregoing was submitted to the following interested parties:

United States Attorney
Western District Of Texas
Midland, TX

The foregoing was sent via the prison mailing system, first class mail, pre paid postage on the above referenced date.

Respectfully,

Joshua Bell
Joshua Bell